

Attorneys at Law

Traycee Ellen Klein
t  212.351.4812
f  212.878.8612
TKlein@ebglaw.com

**MEMO ENDORSED (p. 5)**

August 7, 2025

<u>VIA ECF</u>

The Honorable Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

       Re:  <u>Dwulit v. Deer Management Systems LLC, *et al*. -25-cv-05925(JHR)</u>

Dear Judge Rearden:

      We hope this email finds you well.  We represent Deer Management System LLC's, (DMS) and Tactacam LLC's (Tactacam) and write in connection with the Order of Automatic referral (ECF 11) issued this past Monday, August 5.  For the reasons explained below, we request that ECF 11 – the M10-468 Second Amended Standing Order ("Standing Order") - as applicable to this case – be withdrawn (for the time being) or, alternatively, be held in abeyance sine die.

      The above request is for two interrelated reasons.

      First, the Standing Order provides that automatic referral to the Court's Alternative Dispute Program occur "upon the filing of an Answer."  Neither DMS or Tactacam have filed an Answer and therefore we believe activities relating to mediation are premature.[1]

---

[1] We received communication from the Mediation Office earlier this week advising of the assignment of this matter to Mediator Eve Posman and we received a communication yesterday from Mediator Posman asking for us to participate in a call on August 14, at 11:30 am to discuss mediation, including who would be present and information and documents that she needs before we meet.  We responded to Mediator Posman and the Mediation Office with our concerns.  Ms. Price from the Mediation Office responded back, advising that the Court directed that the Standing

The Honorable Jennifer H. Rearden
August 7, 2025
Page 2

Second, in addition to being premature, there is an additional reason why we believe a referral at this time is inappropriate. Neither DMS nor Tactacam are New York LLCs, and we do not believe that there is any basis for either entity to be sued in New York. By way of relevant background, this is Plaintiff Dwuilit's third litigation, with all three litigations making the same allegations. The prior two litigations followed the exact same path as this Action. Dwulit filed a complaint in New York Supreme Court and our clients removed to this Court.

After removal of the two prior actions, DMS and Tactacam filed motions to dismiss on the basis of, among other things, lack of jurisdiction and failure to state a claim. Both cases were dismissed – one by decision and order of Judge Vyskocil and one by decision and order of Judge Clarke. Judge Vyskocil's decision and order was in 22-cv-06092 (MKV) and Judge Clarke's decision and order was in 23-cv-08778 (JGLC). The first dismissal was on the basis of insufficient service of process and, in rendering the decision Judge Vyskocil found that because Dwulit's case had to be dismissed for improper service that the Court need not address the Defendants' alternative arguments for dismissal under Rules 12(b)(2) and 12(b)(6), but specifically wrote "though those arguments may themselves have proved independently fatal to Plaintiff's case." *See* 22-cv-06092, ECF 39, fn 3. After Dwulit's 2022 action was dismissed, she filed her 2023 action and again a motion to dismiss was filed on the basis of, among other things, lack of jurisdiction and failure to state a claim. Like the 2022 action, the 2023 action was dismissed on the basis of improper service of process, and, like Judge Vyskocil in the 2022 action, because of improper service Judge Clarke decided not to address the appropriateness of dismissal on the basis of, among other things, Rules 12(b)(2) and 12(b)(6). *See* 23-cv-08778, ECF 27.

---

Order be entered in this matter at this point, and that any request for referral needed to be addressed to Your Honor. Pursuant to ECF 10, Defendants' time to answer or otherwise move is August 22, 2025.

FIRM:68253557v2

The Honorable Jennifer H. Rearden
August 7, 2025
Page 3

Since the filing of the motions to dismiss in Dwulit's first two litigations, and subsequent to the decisions issued by Judges Vyskocil and Clarke, decisions issued by the Second Circuit and in the State of New York make it even more apparent that Dwulit's claims fail as a matter of law.

Our clients have already suffered significant prejudice as a result of Dwulit, having to unnecessarily expend resources and time removing not one case, but three cases, from New York Supreme to this Court, and then having to expend resources and time making not one motion to dismiss, but two and now a third one, which we will be filing on or before August 22.

For all of the above reasons, we request that ECF 11 be withdrawn (for the time being) or, alternatively, be held in abeyance sine die.[2]

Finally, we would like to take this opportunity to suggest a path forward that might be able to lessen the burden on the Court and all involved, which includes DMS and Tactacam not continuing to incur legal expenses. DMS and Tactacam would be willing to participate in a abridged version of mediation (pre-Answer, no mediation statements, and no discovery) to see if prompt resolution is possible if: (i) there is an order ensuring that participation would not be deemed a waiver of personal jurisdiction and would not result in a general appearance; (ii) there is a stay on current filing deadlines, and (iii) there will be no other filings (as Mr. Franco has indicated

---

[2] Dwulit is currently represented by Ralph Franco. Mr. Franco was involved in Dwulit's prior litigations. Inexplicably, after filing the first two litigation, on the eve of filing her third litigation, Ms. Dwulit, through Mr. Franco, claims that her employment with Defendants was subject to mandatory arbitration. When we learned of this position, which was reiterated just this morning by Mr. Franco, we asked Mr. Franco, on June 4, 2025, the following: "If Dwulit's dispute is subject to arbitration as you state, how is it that Dwulit filed two lawsuits (not including the one you filed this week)? Please advise. Thanks." While Mr. Franco responded to the email he did not provide any response, directly or indirectly, to the question that was asked. The silence as to the direct inquiry is telling: If Dwulit believed that her employment was subject to mandatory arbitration then the filing of her two prior lawsuits were frivolous, i.e. filed in bad faith and without any basis in law or fact. Facts which appropriately would subject Dwulit and her counsel to be ordered to reimburse DMS and Tactacam for the fees and costs incurred by them up to this point in time. Such sanctions are warranted under both New York Codes, Rules & Regulations, Tit. 22 § 130 (Costs and Sanctions), under Federal Rule Civil Procedure 11, and under 28 USC § 1927.

The Honorable Jennifer H. Rearden
August 7, 2025
Page 4

that he will be filing a motion to compel arbitration and a Rule 11 sanctions motion, which we believe in and of itself is frivolous given Dwulit's prior filings).[3] We offer this as a reasonable opportunity which will allow the parties an opportunity to see if amicable resolution can be achieved, without having to unnecessarily burden the Court with reviewing the prior motions papers, which both resulted in dismissal, and the new motion papers, and from having to spend time and resources writing an opinion. DMS, Tactacam and their counsel have no interest or desire to put extra burden on the Court. We believe that this case will be dismissed on the motion, but are happy to see if rather than spending legal fees on finishing and filing the newest motion, and completing the entire motion practice relating to the third dismissal motion, if there is a short window of time for the parties to see if they can reach consensual resolution, thereby relieving the Court of the need to utilize its resources.

      Judge Rearden, we thank you for your consideration of all of the above.

                                          Respectfully,

                                          */s/ Traycee Ellen Klein*

                                          Epstein Becker & Green, P.C.
                                          875 Third Avenue
                                          New York, New York 10022
                                          By:    Traycee Ellen Klein, Esq.
                                                       Rachel M. DiBenedetto, Esq.

---

[3] Notably, in Dwulit's prior filings, Defendant never sought to compel arbitration.

FIRM:68253557v2

Application GRANTED.  The referral to the Court-annexed Mediation Program (ECF No. 11) is hereby WITHDRAWN, subject to further order of the Court.

The parties are directed to meet and confer regarding the possibility of stipulating that Defendants' participation in mediation does not constitute a general appearance or "cause waiver or forfeiture of [Defendants'] personal jurisdiction" objections.  S*ee Wave Studio, LLC v. General Hotel Management Ltd.,* No. 13 Civ. 9239-CS-VR, 2024 WL 1574931, at *2 (S.D.N.Y. Mar. 12, 2024).  If the parties reach an agreement, then they shall file their stipulation on the docket by **August 22, 2025**.  The Court is mindful that August 22 is also Defendants' deadline to respond to the Complaint.  In light of that impending deadline, as well as the parties' litigation history, the Court will entertain an application, on the consent of both parties, to extend Defendants' deadline to respond to the Complaint until 21 days after the conclusion of mediation, in the event that mediation is unsuccessful.

If the parties are unable to reach an agreement by **August 22, 2025**, then Plaintiff shall file a letter, with authorities, explaining her position.

The Clerk of Court is directed to terminate ECF No. 12.

SO ORDERED.

*Jennifer H. Rearden*
Jennifer H. Rearden, U.S.D.J.
Dated: August 14, 2025